1 | SIGAL CHATTAH
United States Attorney
2 | Nevada Bar Number 8264
JESSICA OLIVA
3 | Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
4 | Las Vegas, Nevada 89101
Tel: (702) 388-6336
5 | Fax: (702) 388-6418
jessica.oliva@usdoj.gov
6

7 | LORINDA LARYEA
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
8 | MONICA COOPER
Trial Attorney
9 | 1000 Louisiana, Ste. 2300
Houston, TX 77002
10 | Tel: (202) 262-1916
monica.cooper@usdoj.gov
11

12 | *Attorneys for the United States of America*

13 | **UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

14 | UNITED STATES OF AMERICA,                No. 2:25-CR- 00179-RFB-BNW.

15 |              Plaintiff,

16 |              v.                          **Plea Agreement for Defendant**
**Paulino Gonzalez Pursuant to Fed. R. Crim.**
**P. 11(c)(1)(A) and (B)**

17 | PAULINO GONZALEZ,

18 |              Defendant.

19 |

20 |        This plea agreement between Paulino Gonzalez ("defendant"), the Fraud Section of the

21 | Criminal Division of the U.S. Department of Justice, (the "Fraud Section"), and the United

22 | States Attorney's Office for the District of Nevada (collectively with the Fraud Section, the

23 | "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and

24 | the applicable sentences, fines, restitution, and forfeiture in the above-captioned case. This

1    agreement binds only defendant and the USAO and does not bind the district court, the U.S.

2    Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement,

3    administrative, or regulatory authorities. This agreement does not prohibit the USAO or any

4    agency or third party from seeking any other civil or administrative remedies, including

5    administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant

6    or defendant's property.

7        This agreement becomes effective upon signature by defendant, defendant's counsel, and

8    an Assistant United States Attorney.

9                      **I. DEFENDANT'S OBLIGATIONS**

10       1.     Defendant agrees to:

11              a.     Give up the right to indictment by a grand jury and, at the earliest

12   opportunity requested by the USAO and provided by the Court, appear and plead guilty to a

13   one-count information in the form attached to this agreement as Exhibit A or a substantially

14   similar form, which charges defendant with Conspiracy to Defraud the United States and Pay

15   and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371;

16              b.     Stipulate to the facts agreed to in this agreement;

17              c.     Abide by all agreements regarding sentencing contained in this agreement;

18              d.     Not seek to withdraw defendant's guilty plea once it is entered;

19              e.     Appear for all court appearances, surrender as ordered for service of

20   sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

21              f.     Not commit any federal, state, or local crime;

22              g.     Be truthful at all times with the U.S. Probation and Pretrial Services Offices

23   and the Court;

24   / / /

                                    2

1           h.      Before and after sentencing, upon request by the Court, the USAO, or the

2 Probation Office, provide accurate and complete financial information, submit sworn

3 statements, and/or give depositions under oath concerning defendant's assets and defendant's

4 ability to pay. As part of the required disclosure, defendant agrees to provide any and all

5 financial information and authorizations requested by the Probation Office for preparation of the

6 Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is

7 authorized to obtain defendant's credit report. Defendant will also complete a financial form

8 provided by the USAO, to include all supporting documentation, and return it to the USAO

9 within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter

10 any order necessary to effectuate or facilitate disclosure of defendant's financial information;

11           i.      To facilitate payment of any fine, restitution, or assessment, surrender

12 assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant

13 agrees to voluntarily release funds and property under defendant's control or in which defendant

14 has any property interest, before and after sentencing, to pay any fine or restitution identified in

15 this agreement, agreed to by the parties, or ordered by the Court;

16           j.      Defendant agrees that restitution shall be ordered due and payable in full

17 immediately after the judgment is entered, and that the full amount of any restitution ordered is

18 subject to immediate enforcement and collection by the USAO or defendant's victims, or both.

19 Defendant agrees that any schedule of payments entered by the district court is a schedule of the

20 minimum payment due and does not prohibit or limit the methods by which the USAO may

21 immediately enforce and collect the judgment in full. Defendant acknowledges that restitution

22 may not be discharged, in whole or in part, in any present or future bankruptcy proceeding; and

23           k.      The forfeiture of the property, the imposition of the forfeiture on the

24 property, and the imposition of the in personam criminal forfeiture money judgment as set forth

1    in this plea agreement, the Forfeiture Allegation of the Criminal Information, any Bills of

2    Particular of, and court orders of, assets not currently identified as specific property subject to

3    forfeiture or cannot currently calculate the total amount of the in personam criminal forfeiture

4    money judgment.

## II. THE USAO'S OBLIGATIONS

6      2.      The USAO agrees to:

7          a.      Stipulate to facts agreed to in this agreement;

8          b.      Abide by all agreements regarding sentencing contained in this agreement;

9          c.      At sentencing, provided that defendant demonstrates an acceptance of

10    responsibility for the offense up to and including the time of sentencing, recommend a two-level

11    reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and

12    move for an additional one-level reduction if available under that section; and

13          d.      Not bring any additional charges against defendant arising out of the

14    factual basis set forth in this agreement. However, the USAO reserves the right to prosecute

15    defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax

16    violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

17    Defendant agrees that the district court at sentencing may consider any uncharged conduct in

18    determining the applicable sentencing guidelines range, the propriety and extent of any departure

19    from that range, and the sentence to be imposed after consideration of the sentencing guidelines

20    and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

22      3.      <u>Count One</u>: The elements of Conspiracy to Defraud the United States and Pay

23    and Receive Health Care Kickbacks under 18 U.S.C. § 371 are as follows:

24          With regard to the first object, conspiracy to defraud the United States:

| | | |
|---|---|---|
| 1 | First: | That there was an agreement between two or more persons to defraud the |
| 2 | | United States by obstructing the lawful functions of the Department of |
| 3 | | Health and Human Services and the Centers for Medicare and Medicaid |
| 4 | | Services their administration and oversight of Medicare by deceitful or |
| 5 | | dishonest means as charged in the information; |
| 6 | Second: | That the defendant became a member of the conspiracy knowing of at |
| 7 | | least one of its objects and intending to help accomplish it; and |
| 8 | Third: | That one of the members of the conspiracy performed at least one overt |
| 9 | | act for the purpose of carrying out the conspiracy. |

With regard to the second object, conspiracy to pay and receive health care kickbacks:

| | | |
|---|---|---|
| First: | That the defendant and at least one other person agreed to commit the crime of soliciting, receiving, offering, or paying money for ordering or arranging for or recommending the ordering of items or services for which payment may be made in whole or in part by Medicare; |
| Second: | The defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and |
| Third: | That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the information, in order to accomplish some object or purpose of the conspiracy. |

*See* Ninth Circuit Model Criminal Jury Instruction 11.1, 11.2, and 24.26 (rev. November 2024).

/ / /

/ / /

/ / /

5

# IV. CONSEQUENCES OF CONVICTION

4.    <u>Maximum Statutory Penalties</u>: Defendant understands that the statutory

maximum sentence the district court can impose for a violation of 18 U.S.C. § 371 as charged in

Count 1, is: a fine of up to $250,000, or twice the gain or loss from the crime, imprisonment for

not more than five years, or both, up to three years' supervised release, and a mandatory special

assessment of $100.

5.    <u>Restitution</u>: Defendant understands that defendant will be required to pay full

restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees

that, in return for the USAO's compliance with its obligations under this agreement, the Court

may order restitution to persons other than the victim(s) of the offense to which defendant is

pleading guilty and in amounts greater than those alleged in the count to which defendant is

pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim

of any of the following for any losses suffered by that victim as a result: any relevant conduct, as

defined in USSG § 1B1.3, in connection with the offense to which defendant is pleading guilty.

The parties currently believe that the applicable amount of restitution is approximately

$54,192,540 but recognize and agree that this amount could change based on facts that come to

the attention of the parties prior to sentencing.

6.    <u>Criminal Forfeiture</u>: Defendant understands that the district court will impose the

forfeiture of the property and the in personam criminal forfeiture money judgment and issue

orders of assets not currently identified as specific property subject to forfeiture and cannot

currently calculate the total amount of the in personam criminal forfeiture money judgment.

7.    <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence

cannot be shortened by early release on parole because parole has been abolished.

/ / /

6

8.    <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

10.    <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.    <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some

7

1   circumstances, be mandatory; denial of citizenship; and denial of admission to the United States

2   in the future. The district court cannot advise defendant fully regarding the immigration

3   consequences of the felony conviction in this case, but defendant's attorney has advised him

4   about the deportation risks of his guilty plea. Defendant understands that unexpected

5   immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

6                              **V. FACTUAL BASIS**

7          12.     Defendant admits that defendant is, in fact, guilty of the offense to which

8   defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

9   trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

10  doubt and establish its right to forfeit the specified property by preponderance of the evidence.

11  Defendant further acknowledges that defendant's admissions and declarations of fact set forth

12  below satisfy every element of the charged offense. Defendant waives any potential future claim

13  that the facts defendant admitted below are insufficient to satisfy the elements of the charged

14  offense. Defendant admits and declares under penalty of perjury that the facts set forth below are

15  true and correct:

16          a.     Beginning in or around October 2021, and continuing through in or around

17  August 2024, within the District of Nevada and elsewhere, Defendant knowingly and willfully

18  conspired with others to defraud the United States and offer and pay kickbacks, in violation of

19  Title 18, United States Code, Section 371.

20          b.     Medicare is a "health care benefit program," and defined in 18 U.S.C. §

21  24(b), and a "federal health care program," as defined in 42 U.S.C. § 1320a-7b(f).

22          c.     Defendant is a registered nurse.

23  / / /

24  / / /

1        d.    "Company 1" was an enrolled Medicare provider and submitted claims to

2    Medicare for payment. Company 1 was a provider of products, including amniotic wound

3    allografts, distributed and sold by Company 2 and Company 3. "Doctor 1" owned Company 1.

4        e.    "Company 2" was a marketer and distributer of amniotic wound allografts,

5    including allografts sold by Company 3. "Sales Representative 1" owned Company 2.

6        f.    "Company 3" was a wholesale distributor of various amniotic wound

7    allografts.

8        g.    Defendant contracted as a registered nurse with Company 1. Defendant

9    agreed with Doctor 1, Sales Representative 1, and others to order and apply allografts billed to

10   Medicare that were medically unreasonable and unnecessary, ineligible for Medicare

11   reimbursement, and procured through kickbacks and bribes.

12       h.    Defendant also contracted with Company 2.

13       i.    Company 1 purchased allografts ordered and applied by Doctor 1,

14   Defendant, and other providers, from Company 2 and Company 3. When Company 1

15   purchased allografts from Company 2, Defendant received illegal kickbacks in exchange for

16   arranging for and recommending these purchases. When Company 1 purchased allografts

17   directly from Company 3: (a) Company 1 and Doctor 1 received illegal kickbacks from

18   Company 3 in exchange for ordering and purchasing the allografts; (b) Company 2 and Sales

19   Representative 1 received illegal kickbacks from Company 3 in exchange for arranging for and

20   recommending the allograft orders and purchases; and (c) Defendant received illegal kickbacks

21   from Company 2 in exchange for arranging for and recommending the allograft orders and

22   purchases.

23       j.    In furtherance of the conspiracy, and to effect the objects of the conspiracy,

24   the Defendant, along with individuals associated with Company 1, Company 2, and Company

1    3, and others known and unknown to the United States, committed or caused to be committed

2    various acts in the District of Nevada and elsewhere, including but not limited to the following:

3                    i.        On or about December 13, 2021, the Defendant received an illegal

4    kickback and bribe in the form of a check in the amount of $2,919.60 that was drawn on Company

5    2's bank account ending in 7838, which he deposited into a bank account ending in 5798 in the

6    name of The PG3 Solutions Living Trust.

7                    ii.       On or about November 7, 2022, the Defendant received an illegal

8    kickback and bribe in the form of a check in the amount of $199,291.95 that was drawn on

9    Company 2's bank account ending in 7838, which he deposited into a bank account ending in

10   5798 in the name of The PG3 Solutions Living Trust.

11                   iii.      On or about July 12, 2023, the Defendant received an illegal

12   kickback and bribe in the form of a wire transfer in the amount of $541,505.25 that was drawn on

13   Company 2's bank account ending in 0899, which he deposited into a bank account ending in

14   5798 in the name of The PG3 Solutions Living Trust.

15                   iv.       On or about January 9, 2024, the Defendant received an illegal

16   kickback and bribe in the form of a wire transfer in the amount of $497,724.79 that was drawn on

17   Company 2's bank account ending in 0899, which he deposited into a bank account ending in

18   5798 in the name of The PG3 Solutions Living Trust.

19                   k.        From approximately October 2021 through approximately August 2024,

20   Company 1 billed Medicare approximately $94,695,744 for allografts purchased from Company

21   2 and Company 3, and applied by Defendant, Doctor 1, and other providers, that were

22   medically unreasonable and unnecessary, ineligible for Medicare reimbursement, and/or

23   procured through illegal kickbacks and bribes. Medicare paid Company 1 approximately

24

$54,192,540 based on those false and fraudulent claims. $54,192,540 is the improper benefit conferred that is attributable to the Defendant's conduct.

l.     Company 1 paid Defendant approximately $265,029 in exchange for applying the allografts billed to Medicare. Company 2 paid Defendant approximately $7,391,584 in exchange for arranging for and recommending the purchasing and ordering of the allografts billed to Medicare.

## VI. SENTENCING FACTORS

13.    <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14.    <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range, except as expressly noted in the following paragraphs:

/ / /

/ / /

Base Offense Level [USSG § 2B4.1]:                                8

Improper Benefit Conferred More Than $25 million

[USSG § 2B1.1(b)(1)(L)]:                                        +22

                    Adjusted Offense Level:                      30

Defendant and the USAO reserve the right to argue only whether the following specific offense

characteristics, adjustments, and departures under the sentencing guidelines are appropriate:

Abuse of Trust [USSG § 3B1.3].

        The parties further agree that, if, at the time of sentencing, the district court determines

that defendant has not received any criminal history points from Chapter Four, Part A, the

parties will jointly recommend that defendant receive a two-level reduction pursuant to

§ 4C1.1(a).

        15.    Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO

will recommend that defendant receive a two-level downward adjustment for acceptance of

responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the

guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the

amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit

facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides

false or misleading information to the USAO, the Court, Pretrial Services, or the Probation

Office; (e) denies involvement in the offense or provides conflicting statements regarding

defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense;

(f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime;

(h) fails to appear in court; or (i) violates the conditions of pretrial release.

        Under USSG § 3E1.1(b), if the district court determines that defendant's total offense

level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level

1   downward adjustment pursuant to the preceding paragraph, the USAO will move for an

2   additional one-level downward adjustment for acceptance of responsibility before sentencing

3   because defendant communicated defendant's decision to plead guilty in a timely manner that

4   enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

5       16.   Criminal History Category: Defendant acknowledges that the district court may

6   base defendant's sentence in part on defendant's criminal record or criminal history. The district

7   court will determine defendant's criminal history category under the sentencing guidelines.

8       17.   Additional Sentencing Information: The stipulated sentencing guidelines

9   calculations are based on information now known to the parties. Defendant understands that

10  both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

11  relevant information to the U.S. Probation and Pretrial Services Offices and the district court

12  regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or

13  mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the

14  district court's sentencing guidelines calculations and determination of sentence. While this

15  paragraph permits both the USAO and defendant to submit full and complete factual

16  information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

17  factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

18  paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

19  to in this agreement. Good faith efforts to provide truthful information or to correct factual

20  misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

21       Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

22  guidelines differently and may rely on additional information it obtains through its investigation.

23  Defendant also acknowledges that the district court may rely on this and other additional

24  information as it calculates the sentencing guidelines range and makes other sentencing

1    determinations, and the district court's reliance on such information shall not be grounds for

2    defendant to withdraw defendant's guilty plea.

3    **VII. POSITIONS REGARDING SENTENCING**

4        18.    The USAO will recommend that the district court sentence defendant at the low

5    end of the advisory guideline range as determined by the district court. Defendant may argue

6    for a downward variance pursuant to 18 U.S.C. § 3553.

7        19.    Defendant acknowledges that the district court does not have to follow the

8    recommendation of either party.

9        20.    Notwithstanding its agreement to recommend a sentence as described above, the

10   USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-

11   conviction litigation.

12       21.    If defendant commits any act that results in the Court finding that defendant is

13   not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to

14   argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event,

15   Defendant remains bound by the provisions of this agreement and shall not have the right to

16   withdraw defendant's guilty plea.

17   **VIII. WAIVER OF CONSTITUTIONAL RIGHTS**

18       22.    Defendant understands that by pleading guilty, defendant gives up the following

19   rights:

20       a.    The right to persist in a plea of not guilty;

21       b.    The right to a speedy and public trial by jury;

22       c.    The right to be represented by counsel—and if necessary have the court

23   appoint counsel—at trial. Defendant understands, however, that defendant retains the right to be

24

14

1   represented by counsel—and if necessary have the court appoint counsel—at every other stage of

2   the proceeding;

3           d.    The right to be presumed innocent and to have the burden of proof placed

4   on the USAO to prove defendant guilty beyond a reasonable doubt;

5           e.    The right to confront and cross-examine witnesses against defendant;

6           f.    The right to testify and to present evidence in opposition to the charges,

7   including the right to compel the attendance of witnesses to testify;

8           g.    The right not to be compelled to testify, and, if defendant chose not to

9   testify or present evidence, to have that choice not be used against defendant; and

10          h.    The right to pursue any affirmative defenses; Fourth Amendment or Fifth

11   Amendment claims; any other pretrial motions that have been or could have been filed; and

12   challenges to any adverse pre-trial rulings (unless specifically reserved in the following section).

13          **IX. WAIVER OF APPELLATE RIGHTS**

14      23.    <u>Waiver of Appellate Rights</u>: Defendant knowingly and expressly waives the right

15   to appeal: (a) any sentence imposed within or below the applicable Sentencing Guideline range

16   as determined by the district court; (b) the manner in which the district court determined that

17   sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other

18   aspect of the conviction, including but not limited to the constitutionality of the statutes of

19   conviction; and any order of restitution or forfeiture.

20      24.    Defendant reserves only the right to appeal any portion of the sentence that is an

21   upward departure or variance from the applicable Sentencing Guideline range as determined by

22   the district court.

23      25.    <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly

24   waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

1  conviction, sentence, and the procedure by which the district court adjudicated guilt and

2  imposed sentence, except non-waivable claims of ineffective assistance of counsel.

3        26.   <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the

4  agencies investigating this case are not obligated or required to preserve any evidence obtained in

5  the investigation of this case.

6                            **X. FORFEITURE**

7        27.   Defendant knowingly and voluntarily:

8               a.   Agrees to the district court imposing the civil judicial forfeiture or the

9  criminal forfeiture of:

10                    i.   any and all property with the requisite nexus to violations of 18 U.S.C. §§

11                         371 under the forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. §

12                         2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2)(C); and

13                  ii.   an in personam criminal forfeiture money judgment including, but not

14                         limited to, at least an amount to be calculated under the forfeiture statutes,

15                         18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7),

16                         and Fed. R. Crim. P. 32.2(b)(2)(C)

17  (all of which constitutes property);

18               b.   Agrees to the district court imposing an in personam criminal forfeiture

19  money judgment including, but not limited to, at least an amount to be calculated under the

20  forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and

21  Fed. R. Crim. P. 32.2(b)(2)(C), and that the property will be applied toward the payment of the

22  money judgment;

23               c.   Agrees to the civil judicial forfeiture and the criminal forfeiture of the

24  property, the in personam criminal forfeiture money judgment, and issue orders of assets not

1  currently identified as specific property subject to forfeiture and cannot currently calculate the

2  total amount of the in personam criminal forfeiture money judgment and the substitution and

3  forfeiture of defendant's other assets;

4        d.    Forfeits the property, agrees to the substitution and forfeiture of defendant's

5  other assets to satisfy the in personam criminal forfeiture money judgment to the United States,

6  and agrees the Court may at any time enter an order of forfeiture or amend an existing order of

7  forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P.

8  32.2(e) and 32.2(b)(2)(C);

9        e.    Relinquishes all possessory rights, ownership rights, and all rights, titles,

10  and interests in the property, the substitution and forfeiture of defendant's other assets to satisfy

11  the in personam criminal forfeiture money judgment, and court ordered assets not currently

12  identified as specific property subject to forfeiture and cannot currently calculate the total

13  amount of the in personam criminal forfeiture money judgment;

14        f.    Waives defendant's rights to any civil judicial forfeiture proceedings, any

15  criminal forfeiture proceedings of the property, any criminal forfeiture proceedings of the in

16  personam criminal forfeiture money judgment, any substitution and forfeiture of defendant's

17  other assets, and court ordered assets not currently identified as specific property subject to

18  forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture

19  money judgment (proceedings);

20        g.    Waives service of process of any and all documents filed in any

21  proceedings concerning the property, the in personam criminal forfeiture money judgment, any

22  substitution and forfeiture of defendant's other assets, and court ordered assets not currently

23  identified as specific property subject to forfeiture and cannot currently calculate the total

24

17

1  amount of the in personam criminal forfeiture money judgment arising from the facts and

2  circumstances of this case;

3           h.    Waives any further notice to defendant, defendant's agents, and

4  defendant's attorney regarding the forfeiture and disposition of the property, the in personam

5  criminal forfeiture money judgment, the substitution and forfeiture of defendant's other assets,

6  and court ordered assets not currently identified as specific property subject to forfeiture and

7  cannot currently calculate the total amount of the in personam criminal forfeiture money

8  judgment;

9           i.    Agrees not to file any claim, answer, petition, and other documents in any

10  proceedings concerning the property, the in personam criminal forfeiture money judgment, the

11  substitution and forfeiture of defendant's other assets, and court ordered assets not currently

12  identified as specific property subject to forfeiture and cannot currently calculate the total

13  amount of the in personam criminal forfeiture money judgment; agrees not to contest, and

14  agrees not to assist any other person and entity to contest, the property, the in personam criminal

15  forfeiture money judgment, the substitution and forfeiture of defendant's other assets; and court

16  ordered assets not currently identified as specific property subject to forfeiture and cannot

17  currently calculate the total amount of the in personam criminal forfeiture money judgment and

18  agrees to withdraw immediately any claim, answer, petition, and other documents in any

19  proceedings;

20           j.    Waives all constitutional, statutory, legal, equitable rights, defenses, and

21  claims including, but not limited to, the seizure of the assets, the forfeited assets, the criminal

22  forfeiture money judgment, and the forfeited substituted assets in any proceedings under the

23  Fourth Amendment to the United States Constitution;

24

18

1                 k.        Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim.

2   P. 7, 11, 32.2, and 43(a), including, but not limited to, the forfeiture notice in the charging

3   document, the court advising defendant of the forfeiture at the change of plea, the court having a

4   forfeiture hearing, the court making factual findings regarding the forfeiture, the court

5   announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture

6   order to the Judgment in a Criminal Case, the substitution and forfeiture of defendant's other

7   assets, and the court ordered assets not currently identified as specific property subject to

8   forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture

9   money judgment, and any and all constitutional, statutory, legal equitable rights, defenses, and

10   claims regarding the property, the in personam criminal forfeiture money judgment, the

11   substitution and forfeiture of defendant's other assets, and the court ordered assets not currently

12   identified as specific property subject to forfeiture and cannot currently calculate the total

13   amount of the in personam criminal forfeiture money judgment in any proceedings, including,

14   but not limited to, double jeopardy and due process under the Fifth Amendment to the United

15   States Constitution;

16                 l.        Waives any and all constitutional, statutory, legal, equitable rights,

17   defenses, and claims regarding the property, the in personam criminal forfeiture money

18   judgment, the substitution and forfeiture of defendant's other assets, and the court ordered assets

19   not currently identified as specific property subject to forfeiture and cannot currently calculate

20   the total amount of the in personam criminal forfeiture money judgment in any proceedings,

21   including, but not limited to, a jury trial under the Sixth Amendment to the United States

22   Constitution;

23                m.       Waives any and all constitutional, statutory, legal, equitable rights,

24   defenses, and claims regarding the property, the in personam criminal forfeiture money

1    judgment, the substitution and forfeiture of defendant's other assets, and the court ordered assets

2    not currently identified as specific property subject to forfeiture and cannot currently calculate

3    the total amount of the in personam criminal forfeiture money judgment in any proceedings,

4    including, but not limited to, excessive fines clause and cruel and unusual punishments clause

5    under the Eighth Amendment to the United States Constitution;

6            n.      Agrees to the entry of an Order of Forfeiture of the property, the in

7    personam criminal forfeiture money judgment, and the court ordered assets not currently

8    identified as specific property subject to forfeiture and cannot currently calculate the total

9    amount of the in personam criminal forfeiture money judgment the substitution and forfeiture of

10   defendant's other assets to the United States;

11           o.      Waives the right to appeal any Order of Forfeiture;

12           p.      Agrees and understands the civil administrative forfeiture, the civil judicial

13   forfeiture, and the criminal forfeiture of the property, the in personam criminal forfeiture money

14   judgment, the substitution and forfeiture of defendant's other assets, and the court ordered assets

15   not currently identified as specific property subject to forfeiture and cannot currently calculate

16   the total amount of the in personam criminal forfeiture money judgment to satisfy the money

17   judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of

18   imprisonment, and any other penalty the Court may impose upon defendant in addition to the

19   forfeiture;

20           q.      Agrees and understands that on the government's motion, the court may at

21   any time enter an order of forfeiture or amend an existing order of forfeiture to include

22   subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and

23   (C) and 32.2(e);

24

1          r.    Acknowledges the amount of the forfeiture may differ from, and may be

2  significantly greater than or less than, the amount of restitution;

3          s.    Agrees to take all steps as requested by the USAO to pass clear title of any

4  forfeitable assets, substituted and forfeited assets, and subsequently located assets which may be

5  used to satisfy the in personam criminal forfeiture money judgment to the United States and to

6  testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that

7  the property and the in personam criminal forfeiture money judgment amount represent

8  proceeds of illegal conduct and are forfeitable. Defendant shall provide the USAO with a full

9  and complete financial disclosure statement under penalty of perjury within 10 days of executing

10  the plea agreement. The financial statement shall disclose to the USAO all assets and financial

11  interests valued at more than $1,000. Defendant understands these assets and financial interests

12  include all assets and financial interests that defendant has an interest, direct or indirect, whether

13  held in defendant's name or in the name of another, in any property, real or personal. Defendant

14  shall also identify all assets valued at more than $1,000 which defendant has transferred to third

15  parties or diverted from defendant, directly to third parties, since October 2021, including the

16  location of the assets and the identity of any third party; and

17          t.    Admits the property and the in personam criminal forfeiture money

18  judgment amount, yet to be identified and calculated, are (1) any property, real or personal,

19  which constitutes or is derived from proceeds traceable to violations of 42 U.S.C. § 1320a-

20  7b(b)(1) and (b)(2), a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(F),

21  involving a Federal health care offense as defined in 18 U.S.C. § 24, or 18 U.S.C. § 371,

22  conspiracy to commit such offense and (2) property, real or personal, that constitutes or is

23  derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. §

24  371 and 42 U.S.C. § 1320a-7b(b)(1) and (b)(2), involving a Federal health care offense as defined

1  in 18 U.S.C. § 24 and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. §

2  2461(c); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

5      28.    <u>Consequence of Withdrawal of Guilty Plea</u>: Defendant agrees that if, after

6  entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in

7  withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into

8  this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under

9  this agreement and (b) should the USAO choose to pursue any charge that was either dismissed

10 or not filed as a result of this agreement, then (i) any applicable statute of limitations will be

11 tolled between the date of defendant's signing of this agreement and the filing commencing any

12 such action; and (ii) defendant waives and gives up all defenses based on the statute of

13 limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such

14 action, except to the extent that such defenses existed as of the date of defendant's signing this

15 agreement.

16     29.    <u>Consequence of Vacatur, Reversal, or Set-aside</u>: Defendant agrees that if

17 defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be

18 released from all their obligations under this agreement, except that, should the USAO choose to

19 pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any

20 applicable statute of limitations will be tolled between the date of defendant's signing of this

21 agreement and the filing commencing any such action; and (ii) defendant waives and gives up all

22 defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

23 trial claim with respect to any such action, except to the extent that such defenses existed as of

24 the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

30.     Defendant agrees that if, at any time after this agreement becomes effective,

defendant knowingly violates or fails to perform any of defendant's obligations under this

agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

breach, and defendant shall not be deemed to have cured a breach without the express agreement

of the USAO in writing. If the USAO declares this agreement breached, and the district court

finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its

obligations under this agreement.

## XIII. COURT AND UNITED STATES PROBATION
## AND PRETRIAL SERVICES OFFICE NOT PARTIES

31.     Defendant understands that the Court and the U.S. Probation and Pretrial

Services Office are not parties to this agreement and need not accept any of the USAO's

sentencing recommendations or the parties' agreements to facts or sentencing factors.

32.     Defendant understands that both defendant and the USAO are free to argue on

appeal and collateral review that the district court's sentencing guidelines calculations and the

sentence it chooses to impose are not error.

33.     Defendant understands that even if the district court ignores any sentencing

recommendation, finds facts or reaches conclusions different from those agreed to by the parties,

or imposes any sentence up to the maximum established by statute, defendant cannot, for that

reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all

defendant's obligations under this agreement. Defendant understands that no one—not the

1  prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise

2  regarding the sentence defendant will receive, except that it will be within the statutory

3  maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

5      34.    Defendant acknowledges that:

6          a.    Defendant read this agreement and defendant understands its terms and

7  conditions.

8          b.    Defendant had adequate time to discuss this case, the evidence, and this

9  agreement with defendant's attorney.

10          c.    Defendant carefully and thoroughly discussed all terms of this agreement

11  with defendant's attorney.

12          d.    Defendant understands the terms of this agreement and voluntarily agrees

13  to those terms.

14          e.    Defendant has discussed with defendant's attorney the following: the

15  evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

16  might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a);

17  the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

18          f.    The representations contained in this agreement are true and correct,

19  including the factual basis for defendant's offense set forth in this agreement.

20          g.    Defendant was not under the influence of any alcohol, drug, or medicine

21  that would impair defendant's ability to understand the agreement when defendant considered

22  signing this agreement and when defendant signed it.

23      35.    Defendant understands that defendant alone decides whether to plead guilty or go

24  to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of

1  the charges brought against defendant, defendant's possible defenses, and the benefits and

2  possible detriments of proceeding to trial.

3      36.    Defendant understands that no promises, understandings, or agreements other

4  than those set forth in this agreement have been made or implied by defendant, defendant's

5  attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

6  force or effect unless set forth in writing and signed by all parties or confirmed on the record

7  before the district court.

8      37.    Defendant acknowledges that defendant decided to plead guilty voluntarily and

9  that no one threatened, coerced, or forced defendant to enter into this agreement.

10     38.    Defendant is satisfied with the representation of defendant's attorney, and

11  defendant is pleading guilty because defendant is guilty of the charges and chooses to take

12  advantage of the promises set forth in this agreement and for no other reason.

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

39.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

SIGAL CHATTAH
United States Attorney

_____          6/17/25
JESSICA OLIVA                              Date
Assistant United States Attorney


_____          6.17.25
MONICA COOPER                             Date
Trial Attorney


_____          06-16-25
PAULINO GONZALEZ                          Date
Defendant


_____          6-16-25
MICHAEL PARIENTE                          Date
Attorney for Defendant Paulino Gonzalez

26