**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>vs.<br><br>PAULINO GONZALEZ<br><br>Defendant(s). | Case # 2:25-cr-179-RFB-BNW<br><br>**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL**<br><br>FILING FEE IS $250.00 |

Miranda Kane (name of petitioner), Petitioner, respectfully represents to the Court:

1. That Petitioner is an attorney at law and a member of the law firm of

Conrad | Metlitzky | Kane LLP (firm name)

with offices at 217 Leidesdorff St. (street address),

San Francisco (city), California (state), 94111 (zip code),

415-469-1714 (area code + telephone number), mkane@conmetkane.com (Email address).

2. That Petitioner has been retained personally or as a member of the law firm by Paulino Gonzalez [client(s)] to provide legal representation in connection with the above-entitled case now pending before this Court.

3. That since December 4, 1990 (date), Petitioner has been and presently is a member in good standing of the bar of the highest Court of the State of California (state) where Petitioner regularly practices law. Petitioner shall attach a certificate from the state bar or from the clerk of the supreme court or highest admitting court of each state, territory, or insular possession of the United States in which the applicant has been admitted to practice law certifying the applicant's membership therein is in good standing.

4. That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| Ninth Circuit Court of Appeals | March 2014 | 150630 |
| Central District of California | March 2014 | 150630 |
| Eastern District of California | March 2014 | 150630 |
| Southern District of California | March 2014 | 150630 |
| Northern District of California | April 2014 | 150630 |
| | | |
| | | |

5. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below:

An administrative suspension for 2 months in 2024, please see the attached letter and certificate of good standing.

6. That Petitioner has never been denied admission to the State Bar of Nevada. (Give particulars if ever denied admission):

None

7. That Petitioner is a member of good standing in the following Bar Associations.

Federal Bar Association; Bar Association of San Francisco

8. Petitioner has filed application(s) to appear as counsel under Local Rule IA 11-2 (formerly LR IA 10-2) during the past three (3) years in the following matters: (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| None | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9. Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10. Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

That Petitioner respectfully prays that Petitioner be admitted to practice before this Court FOR THE PURPOSES OF THIS CASE ONLY.

Petitioner's signature

STATE OF California )
)
COUNTY OF San Francisco )

Miranda Kane, Petitioner, being first duly sworn, deposes and says:

That the foregoing statements are true.

Petitioner's signature

Subscribed and sworn to before me this

___ day of ___, ___.

see attached loose certificate
9/15/2025

Notary Public or Clerk of Court

**DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO THE BAR OF THIS COURT AND CONSENT THERETO.**

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate Gregory A. Brower (name of local counsel), Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

100 North City Parkway (street address),

Las Vegas (city), Nevada (state), 89106 (zip code),

702-464-7026 (area code + telephone number), gbrower@bhfs.com (Email address).

# JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of San Francisco

Subscribed and ~~sworn to~~ (~~or affirmed~~) before me on this 15th day of September, 20 25 by Miranda Kane,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature (Seal)

CHERYL MERIL
COMM. # 2499164
SAN FRANCISCO COUNTY
NOTARY PUBLIC-CALIFORNIA
MY COMMISSION EXPIRES
OCTOBER 03, 2028

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Verified Petition for
(Title or description of attached document)

Permission to Practice et.al
(Title or description of attached document continued)

Number of Pages 5 Document Date______

______
Additional information

## INSTRUCTIONS

*The wording of all Jurats completed in California after January 1, 2015 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one with does contain the proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.*

- State and county information must be the state and county where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information Is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document with a staple.

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

**APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL**

The undersigned party(ies) appoint(s) Gregory A. Brower as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

[signature]
(party's signature)

Paulino Gonzalez
(type or print party name, title)

______________________________
(party's signature)

______________________________
(type or print party name, title)

**CONSENT OF DESIGNEE**

The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

Zachary Meyer for
Designated Resident Nevada Counsel's signature

5232 gbrower@bhfs.com
Bar number Email address

APPROVED:

Dated: this ______ day of ________________, 20___.

______________________________
UNITED STATES DISTRICT JUDGE

CONRAD | METLITZKY | KANE

**Miranda Kane**
415.469.1714
mkane@conmetkane.com

September 15, 2025

Clerk Of Court
U.S. District Court, District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard South
Las Vegas, NV 89101

Re: District of Nevada Pro Hac Vice

Dear Clerk of the Court

The California Bar instituted a new compliance requirement for California attorneys in late 2023 called the Client Trust Account Protection Program (CTAPP). CTAPP required attorneys to complete as part of their annual license renewal a series of questions concerning their awareness of and compliance with client trust account regulations, and to certify their responses. Part of the required reporting could be submitted by the law firm that employed the attorney, in a separate submission pertaining to all the attorneys at the firm. Prior to December 2022, the California did not require such reporting or certification as to trust account compliance.

When I completed my California Bar license renewal in early 2024, the second year of the CTAPP program, I mistakenly did not understand that an individual attestation was required and believed that my firm's reporting the trust account information was sufficient to meet my obligations.

While my firm timely reported our client trust account information as required, because I had failed to complete self-reporting, I was administratively suspended as of July 2, 2024. I did not receive any notifications from the Bar Informing me that I had not timely completed this requirement. I learned about my suspension on August 28, 2024, when a member of my firm checked my State Bar profile for another purpose. I immediately completed the necessary reporting and was reinstated to full license status that same day.

The kind of administrative suspension I received is not attorney discipline. The California Bar no longer lists administrative suspensions on publicly available individual attorney records. I recognize my obligation to comply with all regulations and have committed to meeting all such requirements going forward.

Sincerely,

Miranda Kane

# THE STATE BAR OF CALIFORNIA
# CERTIFICATE OF STANDING

**ISSUE DATE:** 8/25/2025

**LICENSEE NAME:** Miranda Beth Kane

**LICENSEE BAR NUMBER:** 150630

**LICENSEE STATUS:** Active

**ADMIT DATE:** 12/4/1990

**To Whom it May Concern:**

This certificate of standing certifies the record above is a true and correct copy of the licensees current standing with the State Bar of California as of the issue date and that the Discipline and Administrative History listed below is a true and correct copy of the licensees discipline history and their history of administrative actions.

**Discipline and Administrative History:**

| Date | License Status | Discipline | Administrative Action |
|---|---|---|---|
| 8/28/2024 | Active | | |
| 7/2/2024 | Not eligible to practice law in CA | | Admin Inactive/CTAPP noncompliance |

Carolina Almarante-Terrero

**Carolina Almarante-Terrero**
Custodian of Record

*NOTE: Only ACTIVE licensees of the State Bar of California are entitled to practice law in California (See Sections 6006 and 6125, et seq., Business and Professions Code.)*