GREGORY A. BROWER, ESQ.
Nevada Bar No. 5232
gbrower@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

MIRANDA KANE *(pro hac vice)*
California Bar No. 150630
mkane@conmetkane.com
JORDAN DICKSON *(pro hac vice)*
California Bar No. 324406
jdickson@conmetkane.com
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, California 94111
Telephone: 415.343.7100
Facsimile: 415.343.7101

Attorneys for PAULINO GONZALEZ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAULINO GONZALEZ,<br><br>Defendant. | CASE NO. 2:25-cr-00179-RFB-BNW<br><br>**DECLARATION OF MIRANDA KANE IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**<br><br>(Hearing Requested the Week of June 22, 2026) |

# DECLARATION OF MIRANDA KANE

I, Miranda Kane, declare:

1. I am a Partner at the law firm of Conrad | Metlitzky | Kane LLP, as well as counsel of record for Defendant Paulino Gonzalez. I am an attorney in good standing to practice in the State of California and have been admitted pro hac vice before the United States District Court for the District of Nevada. I have personal knowledge of the matters stated herein and if called upon would testify competently thereto.

2. I have listened to the nearly two-hour covertly recorded interview between Mr. Gonzalez and the federal agents who came to his home unexpectedly on January 16, 2025. At the outset of the interview, agents told Mr. Gonzalez that the interview was "about wound care in general." It is my opinion that Mr. Gonzalez's tone and demeanor throughout the recorded conversation evinces an individual who comes across as open and forthright about his relationship with Sales Representative 1 and Doctor 1, his understanding of the wound care services he was asked to provide, and similarly his understanding about the money he earned from each of them.

3. Mr. Gonzalez first contacted undersigned counsel regarding this matter on approximately August 8, 2025. On September 25, 2025, undersigned counsel was admitted to the District of Nevada pro hac vice.

4. On August 17, 2025, undersigned counsel requested that Mr. Gonzalez's prior counsel provide a complete copy of their case file. Between August 25 to 29, 2025, prior counsel sent multiple emails forwarding their communications with Mr. Gonzalez as well as communications with government counsel. Mr. Gonzalez's prior counsel did not provide undersigned counsel with any discovery material, however.

5. Since undersigned counsel began representing Mr. Gonzalez, the government has, upon request, shown and provided substantial discovery—including recordings of Mr. Gonzalez's voluntary interview with agents, notes from the proffer meetings, FBI 302s of his prior interviews, financial records such as checks and bank statements reflecting payments to him, emails involving Mr. Gonzalez, Sales Representative 1, and Doctor 1, as well as portions of witness interviews and other materials. For example,

on November 19, 2025, undersigned counsel requested and was provided with copies of the memoranda of interview and agent notes from the proffer meetings held on January 27, 2025, May 1, 2025, and May 15, 2025.

6. I have read the memorandum of interview and agent notes associated with Mr. Gonzalez's proffer with the government on January 27, 2025. Based on my review of these materials, I see no evidence that Mr. Gonzalez made admissions of involvement in a criminal conspiracy or intent to further any unlawful objectives; instead, he consistently emphasized his commitment to patient care and his belief in the effectiveness of allografts.

7. I have read the memorandum of interview and agent notes associated with Mr. Gonzalez's proffers with the government on May 1 and May 15, 2025. Prior counsel was present for both proffer sessions. Based on my review of these materials, I see no evidence that he made any admissions of involvement in a criminal conspiracy or intent to advance any unlawful objectives in either meeting. Based on my review of the materials provided, I believe the government refers to the May 15, 2025 virtual meeting as a reverse proffer because they shared some of their evidence against Mr. Gonzalez at the meeting, including bank records and patient files. During the May 15, 2025 meeting, the government did not provide any direct evidence that Mr. Gonzalez knew of, or knowingly entered into, an unlawful agreement with Sales Representative 1 or Doctor 1; that he acted with intent to further any unlawful conspiracy; or that he recruited patients, unilaterally made independent medical decisions to apply allografts, or unilaterally placed unnecessary orders.

8. On more than one occasion since I began representing Mr. Gonzalez, the government has conceded that its proof of Mr. Gonzalez's intent is entirely circumstantial.

9. At the change of plea hearing, the Court accurately described the elements of the offense, and Mr. Gonzalez acknowledged that a factual basis supported his plea.

10. On September 10, 2025, undersigned counsel participated in a virtual meeting with government counsel to discuss case status and to seek a continuance of the then-scheduled October 2, 2025 sentencing. Since then, the parties have been in active dialogue regarding the case, including whether Mr. Gonzalez intended to move to withdraw his plea.

11. The lead Fraud Section prosecutor, when prior counsel was representing Mr. Gonzalez, left the Department of Justice at some time after Mr. Gonzalez changed his plea. On October 17, 2025, undersigned counsel spoke with a new Fraud Section prosecutor who indicated he would serve as the primary point of contact for the case going forward, and on November 13, 2025, undersigned counsel held an initial meeting with that prosecutor to discuss case status, including whether Mr. Gonzalez intended to move to withdraw his plea.

12. On November 18, 2025, undersigned counsel met virtually with attorneys for the government who described certain evidence against Mr. Gonzalez.

13. Mr. Gonzalez and undersigned counsel also met virtually on multiple occasions to discuss his case.

14. On January 8, 2026, the parties again met virtually and undersigned counsel informed the government that Mr. Gonzalez had decided to file a motion to withdraw his plea. The following day the government requested that Mr. Gonzalez delay his final decision regarding the motion to withdraw so the parties could continue their discussion. The government also agreed to continue Mr. Gonzalez's sentencing hearing to August 6, 2026.

15. On January 12, 2026, the parties met again to continue discussions.

16. On February 4, 2026, counsel for the government and Mr. Gonzalez met at undersigned counsel's office in San Francisco for a further reverse proffer.

17. The parties also met virtually on February 26, 2026, and March 5, 2026, to discuss the case. At the last meeting, undersigned counsel again advised that Mr. Gonzalez intended to file the instant motion.

18. As of the date of this filing, the U.S. Probation Office has neither interviewed Mr. Gonzalez nor prepared a draft presentence report.

19. As of the date of this filing, the government has not charged Sales Representative 1 or Doctor 1 with any crime.

20. Attached as **Exhibit A** is a true and accurate copy of the press release issued by the U.S. Attorney's Office for the District of Nevada on June 30, 2025, publicly announcing Mr. Gonzalez's guilty plea. The press release is available at https://www.justice.gov/usao-nv/pr/us-attorneys-office-

participates-record-setting-national-health-care-fraud-takedown (last accessed April 28, 2026). The 2025 National Health Care Fraud Takedown announcement by the Fraud Section of Main Justice, including graphics illustrating the geographic scope, total loss, and numbers charged, as well as links to case summaries and court documents is available at https://www.justice.gov/criminal/criminal-fraud/2025-national-health-care-fraud-takedown (last accessed April 28, 2026).

21. Attached as **Exhibit B** are true and correct screenshot images of text messages between Mr. Gonzalez and his prior counsel between January and July 2025. To aid readability, at my request, a member of my office combined the single screenshots into a continuous document and deleted duplicative text message bubbles where feasible.

22. Attached as **Exhibit C** is a true and correct copy of a May 13, 2025 Teams meeting invite for "Gonzalez reverse proffer."

23. Attached as **Exhibit D** is a true and correct copy of correspondence between Mr. Gonzalez's prior counsel and the government on June 12, 2025 attaching an approved finalized plea agreement with a June 18, 2025 expiration date.

24. Attached as **Exhibit E** is a true and correct copy of correspondence between Mr. Gonzalez and prior counsel on June 12 and 13, 2025 forwarding the government's plea agreement and suggesting a meeting to discuss it.

25. Attached as **Exhibit F** is a true and correct copy of a partial transcript prepared at my request by staff of my law firm of a surreptitious recording of a telephone conversation between Mr. Gonzalez and his prior counsel during which prior counsel advised Mr. Gonzalez regarding what the government would have had to prove at trial. Government counsel will be provided with a copy of the full audio recording at the time of filing of this motion.

26. Attached as **Exhibit G** is a true and correct copy of email correspondence between undersigned counsel and Mr. Gonzalez's prior counsel on August 25 to 29, 2025 regarding transferring Mr. Gonzalez's case file.

27. Attached as **Exhibit H** is a true and correct copy of an email between undersigned counsel and Mr. Gonzalez's prior counsel on January 8 and 9, 2026, in which prior counsel confirms that the only discovery received from the government was shared during a reverse proffer meeting on May 15, 2025;

however, prior counsel did not request copies of the selected documents presented during the reverse proffer.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 29, 2026 in San Francisco, California.

*/s/Miranda Kane*
MIRANDA KANE