**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAULINO GONZALEZ,<br><br>Defendant. | Case No. 2:25-cr-00179-RFB-BNW<br><br>**DEFENDANT'S LIMITED SCOPE WAIVER OF ATTORNEY-CLIENT PRIVILEGE** |

I, Paulino Gonzalez, was previously represented by Attorney Michael Pariente of The Pariente Law Firm, P.C. in connection with the above-captioned matter. I was previously represented by Attorney Pariente from approximately January 17, 2025 until approximately August 25, 2025, including when I pleaded guilty on June 26, 2025.

I understand that attorney-client privilege protects confidential communications between a client and their attorney made for the purpose of obtaining legal advice from being disclosed. I further understand that only the client may waive that privilege and that an attorney is bound by the privilege even after the attorney-client relationship ends. Specifically, I agree that Attorney Pariente and I had an attorney-client relationship in which our communications were for the purpose of obtaining legal advice and that those communications are protected from disclosure by Attorney Pariente to third parties, including personnel at the United States Attorney's Office for the District of Nevada, the Fraud Section of the United States Department of Justice, and federal agents that conducted the investigation leading to the charges against me (collectively, "the Government").

I understand and agree that by raising claims of ineffective assistance of counsel in connection with my motion to withdraw my guilty plea, I have waived the attorney client-privilege with respect to my communications with Attorney Pariente regarding each and every statement made about those communications in my motion and supporting declaration. *See* ECF No. 29 and ECF No. 29-1. By waiving attorney-client confidentiality, I am allowing those communications to be disclosed to the Government and allowing them to be disclosed in public filings and public court proceedings.

In particular, based on my motion to withdraw my guilty plea, my supporting declaration, and my allegations of ineffective assistance of counsel contained therein, I am waiving the attorney-client privilege with respect to any and all communications (written and verbal), advice, and strategy with Attorney Pariente regarding the following subjects:

1) My status as a witness, subject, or target;
2) Proffering and cooperating with the Government;
3) Attorney Pariente's opinion regarding the legal sufficiency of information provided by me to the Government in interviews, proffers, and documents to prove any criminal violation against me beyond a reasonable doubt;
4) The expectation that my cooperation would require pleading guilty to a crime;
5) Any offenses discussed with Attorney Pariente, including Attorney Pariente's impressions regarding my understanding of those offenses and their elements;
6) Attorney Pariente's opinion regarding the import of any evidence and information presented by the Government to me and/or Attorney Pariente, during a reverse proffer or otherwise, in proving any criminal violation against me beyond a reasonable doubt;

7) The decision whether to seek or request additional evidence or discovery from the Government;

8) Plea negotiations and plea offers;

9) My decision to plead guilty and to enter into a plea agreement, including Attorney Pariente's impression of my understanding of the consequences of doing so; and

10) My potential sentence, including the application of the Sentencing Guidelines, loss amount, and the collateral consequences of entering a guilty plea.

I agree that I have affirmatively put each of these subjects at issue in connection with the motion to withdraw my guilty plea. Accordingly, by signing this document, I waive my attorney-client privilege as set forth above and I authorize Attorney Pariente to disclose to the Government and my current counsel all information subject to my waiver, including previously confidential or privileged communications. I further authorize Attorney Pariente to disclose previously confidential or privileged communications related to the subjects set forth above to the Government and to my current counsel in interviews, in sworn declarations, and in testimony during an evidentiary hearing, if necessary.

I further agree that I will disclose to the Government all documents, communications, and recordings in my possession that are subject to my waiver.

I make such authorization understanding that all responsive information provided by myself and Attorney Pariente to the Government shall be subject to a protective order prohibiting the Government from using the responsive information for any purpose other than litigating the motion to withdraw my guilty plea, and that the United States Attorney's Office for the District of Nevada, the Fraud Section of the United States Department of Justice, and

the federal agents that have investigated my case will not disseminate the responsive information to any other persons or offices, unless compelled by a Court to do so.

I have read and understand the foregoing, have discussed it with my current counsel, and hereby voluntarily and knowingly waive attorney-client privilege with respect to communications with Attorney Pariente relevant to the determination of the motion to withdraw my guilty plea as set forth above.

| | |
|---|---|
| 05-19-2016<br>DATE | */s/Paulino Gonzalez*<br>PAULINO GONZALEZ |
| 5-19-2026<br>DATE | */s/ Miranda Kane*<br>MIRANDA KANE<br>JORDAN DICKSON<br>Attorneys for Paulino Gonzalez |